[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10745
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00443-SCJ-JFK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHERYL SINGLETON,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 21, 2018)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Cheryl Singleton pled guilty to one count of wire fraud in violation of 18

U.S.C. § 1343.  On appeal, Ms. Singleton argues that her guilty plea was not

knowing and voluntary because the district court failed to conduct an additional Rule 11 plea colloquy after she and the government entered into a joint stipulation regarding the pre-sentence investigation report.  As part of the joint stipulation, Ms. Singleton agreed to withdraw and waive all objections to the report, which she contends constituted a modification of the plea agreement.  Because there was no modification to the plea agreement, we affirm.

## I

Ms. Singleton owned and operated a tax preparation business in Atlanta, Georgia, through which she perpetrated extensive fraudulent schemes resulting in a loss to the government of approximately $20 million. Ms. Singleton also personally defrauded several businesses through bank loan and credit card scams. Consequently, Ms. Singleton was indicted on numerous charges of wire fraud (18 U.S.C. § 1343), aggravated identity theft (18 U.S.C. §§ 1028A(a)(1), (c)(5)), and submitting false claims against the IRS (18 U.S.C. § 287).

In August of 2016, Ms. Singleton pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. As part of Ms. Singleton's negotiated plea agreement, the government agreed to dismiss 34 counts against Ms. Singleton, to bring no additional charges against her, and to recommend that she receive a three-level reduction for acceptance of responsibility under the Sentencing Guidelines. *See* U.S.S.G. § 3E1.1. Ms. Singleton agreed, among other things, to waive her

2

rights of appeal and collateral attack as to her conviction and sentence.  The plea agreement was silent as to the appropriate Sentencing Guidelines range and acknowledged that both parties reserved the right to make recommendations regarding the application of the guidelines.  The district court established that Ms. Singleton understood the terms of her plea agreement and that her guilty plea was knowing and voluntary during a Rule 11 plea colloquy.

After receiving the pre-sentence investigation report in October of 2016, Ms. Singleton and the government each filed objections to the Sentencing Guidelines calculation.[1]   In January of 2017, one week after Ms. Singleton filed her objections, both parties agreed to withdraw and waive their objections, and the government agreed to recommend a sentence of no greater than 150 months' imprisonment. The parties memorialized their agreement in a written joint stipulation which they filed with the court.

At the sentencing hearing, the district court accepted the parties' joint stipulation, adopted the pre-sentence investigation report, and concluded that the applicable Sentencing Guidelines range was 188–235 months' imprisonment.  Ms.

---

[1] Specifically, in November of 2016, the government objected to the loss amount and the failure to apply an obstruction of justice enhancement, and withdrew its recommendation that Ms. Singleton receive a third point for acceptance of responsibility because Ms. Singleton violated her plea agreement by selling assets without the government's approval.  For her part, in January of 2017, Ms. Singleton objected to the use of U.S.S.G. § 2B1.1(a) as the applicable guideline (rather than § 2T1.1), the loss amount, the enhancement for more than ten victims, the enhancement for sophisticated means, the enhancement for use of five or more means of identification, the enhancement for obstruction of justice, and the failure to award a third point for acceptance of responsibility.

Singleton and the government agreed that the district court's Sentencing Guidelines calculation was correct. Pursuant to the joint stipulation, the government recommended a 150-month sentence. The district court sentenced Ms. Singleton to 150 months' imprisonment, a three-year term of supervised release, restitution in the amount of $5,100,129.41, and a $100 special assessment. Neither Ms. Singleton nor the government objected to the sentence.

## II

Where, as here, a defendant does not move to withdraw her plea in the district court or otherwise preserve a Rule 11 objection, we review for plain error. *See United States v. Brown*, 586 F.3d 1342, 1345 (11th Cir. 2009). To establish plain error, the defendant must show a clear error that prejudiced her by affecting her substantial rights. *Id*. Prejudice in this context means "a reasonable probability that, but for the error, [she] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Even if the defendant carries her burden of establishing clear, prejudicial error, "we may not remedy that error unless it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Brown*, 586 F.3d at 1345 (internal citations removed).

## III

Ms. Singleton does not dispute that her guilty plea was knowing and voluntary when she tendered it on August 2, 2016. Nor does she claim that the

4

district court failed to comply with Rule 11.  Instead, Ms. Singleton argues that by entering into the joint stipulation and agreeing to withdraw and waive her initial sentencing objections, she altered a term of the plea agreement which had reserved her right to "make recommendations" regarding the application of the Sentencing Guidelines.  In her view, the joint stipulation modified the plea agreement, and the district court was therefore required to conduct a second Rule 11 plea colloquy before accepting the joint stipulation at sentencing.

Despite Ms. Singleton's assertion to the contrary, the joint stipulation did not alter or modify the plea agreement.  Ms. Singleton's plea agreement did not make any recommendations as to sentencing.  In fact, it left both parties free to make recommendations as to the Sentencing Guidelines.  By entering into the joint stipulation, Ms. Singleton merely agreed to exercise her right *not* to assert certain arguments in exchange for a favorable sentencing recommendation from the government.  In reality, Ms. Singleton could have opted not to assert any arguments at all.  Ultimately, Ms. Singleton's decision to exercise her rights under the plea agreement in this way benefited her significantly during sentencing—she received the 38-month downward variance that she bargained for.

What's more, even assuming that the joint stipulation did somehow constitute a modification of the plea agreement, Ms. Singleton has not argued that she would have attempted to withdraw her guilty plea and go to trial on all 35

5

original counts had she received a second plea colloquy.  Therefore, it is unclear how, if at all, Ms. Singleton can establish prejudice in this context.

## IV

The district court did not err when it accepted the parties' joint stipulation at sentencing without conducting a second Rule 11 plea colloquy. Accordingly, we affirm Ms. Singleton's sentence.

**AFFIRMED.**